OPINION
Defendant-appellant Elmer McDonald appeals from the decision of the Jefferson County Court #2, which entered judgment for $1,256 in favor of plaintiff-appellee Merle McHugh on his small claims complaint. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
Mr. McHugh agreed to sell his semi-truck to Mr. McDonald. On October 24, 1998, the parties signed a two-sentence handwritten contract, evidenced by Exhibit Three, whereby Mr. McDonald agreed to pay $3,000 to Mr. McHugh for a 1984 Peterbilt tractor. The contract further stated that Mr. McHugh could cash the check on November 15, 1998 "and there will be enough funds in bank to cover the check." Mr. McDonald wrote Mr. McHugh a $3,000 check post-dated for November 15, 1998.
Mr. McHugh presented the check on November 23; however, the bank later returned the check for insufficient funds and charged Mr. McHugh a $16 fee. When Mr. McHugh canceled the contract and retrieved the truck to which he still had title, he noticed that Mr. McDonald had stripped various parts from the truck to rebuild his own truck. (Tr. 8). These parts are listed in Exhibit One as follows: a transmission, a 120 gallon fuel tank, four fuel straps, a door panel, a hinge and window, a windshield wiper arm, four clearance lights, two tail lights, and a universal joint. According to Mr. McHugh's itemized list, the total salvage yard value of the parts plus the bank fee is $2,121.
Mr. McHugh testified that Mr. McDonald apologized for the returned check and his breach of their contract and agreed to repay Mr. McHugh for the stripped parts as set forth in the itemized list by paying $300 every two weeks. According to Exhibit Three, the bottom of which contains Mr. McHugh's record of payments made by Mr. McDonald, the first installment was paid on December 26 and 28, 1998 in the amounts of $200 and $100 respectively. In February, March, April, June and July of 1999, Mr. McDonald paid $100 per month. The last payment made by Mr. McDonald was in September 1999 for $65. Because Mr. McDonald had not fulfilled his promise of repaying the $2,121, Mr. McHugh filed a small claims action against Mr. McDonald to recover the difference.
 PROCEDURAL HISTORY
Mr. McHugh filed the complaint on August 9, 2000, seeking $1,256 plus court costs and post-judgment interest. The statement of the claim complained that Mr. McDonald purchased his semi-truck for $3,000, stripped it for parts, bounced the check for the purchase price, and failed to pay for the parts that were stripped. Thereafter, Mr. McHugh filed the purchase agreement for the truck, the returned check, bank correspondence referring to the returned check, an itemized list of damages, a payment history on the parts, and a summary of his story.
Mr. McDonald's attorney entered his appearance in the case by seeking a continuance of the trial. The trial was rescheduled for October 19, 2000. On that date, Mr. McDonald's attorney appeared and related that Mr. McDonald was unable to be present. Mr. McHugh appeared pro se, testified and submitted exhibits similar to the documents previously submitted with his complaint.
Mr. McDonald's attorney conducted cross-examination and presented closing arguments. The attorney argued legal issues regarding the proper amount of recovery rather than factual issues. He conceded that at the time Mr. McDonald bounced the check and breached the original contract, Mr. McHugh was entitled to repossess not only the truck but also the stripped parts. He also conceded that an alternative to repossessing the parts would have been to enter a new written agreement for the sale of the parts. In response to Mr. McHugh's proof of the existence of an oral agreement for the sale of the parts, the attorney raised the Statute of Frauds noting that a contract for a sale of goods over $500 must be in writing and signed by the party to be charged. He stated that while the original agreement for the sale of the truck complied with the Statute of Frauds, the subsequent agreement concerning repayment of the parts did not comply. The court responded by reminding the attorney of the exception in cases of partial payment.[1] The court found that the seven payments made by Mr. McDonald after the check was returned and the truck was stripped and repossessed demonstrated the oral agreement and brought the case out of the Statute of Frauds. Accordingly, the court entered judgment in favor of Mr. McHugh in the amount sought, $1,256 plus court costs and post-judgment interest. Mr. McDonald (hereinafter appellant) filed timely appeal therefrom.
 ASSIGNMENT OF ERROR AND ISSUE PRESENTED
Appellant's sole assignment of error and the issue presented thereunder contend:
 "THE TRIAL COURT ERRED BY GRANTING JUDGMENT IN FAVOR OF THE PLAINTIFF WHEN SAID VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 "A PLAINTIFF IN A CIVIL ACTION FOR MONETARY RELIEF MUST NOT BE AWARDED MONEY DAMAGES WHEN HE HAS PREVIOUSLY BEEN COMPENSATED IN FULL FOR HIS CONTRACT DAMAGES."
Although appellant assigns the weighing of the evidence as error, he makes no factual allegation in the text of his argument that the court should not have given weight to the testimony and exhibits presented by Mr. McHugh.[2] Rather, the text of his argument is better summed up by the above quoted issue presented, dealing with remedies for breach of contract. Appellant focuses on the collateral fact that after he breached the written contract and Mr. McHugh canceled that contract[3] and reclaimed his truck,[4] Mr. McHugh was able to sell the stripped truck to a salvage yard for $2,700. Appellant thus contends that Mr. McHugh's only remedy was to collect $300 in damages, the difference between the contract price and the resale price. This would typically be the case.[5]
However, this case is distinguishable from the typical case. Firstly, appellant stripped parts from the item sold. As Mr. McHugh argued at trial, why should he receive a stripped truck plus the difference between the resale price and the contract price while appellant keeps $2,121 in stripped parts. (Tr. 6-8, 16). As appellant's attorney conceded, after the breach of the original contract, Mr. McHugh was entitled to his stripped parts back or was entitled to sell them to appellant. This he did, albeit not in the proper manner as no writing evidences the agreement for the sale of parts. Nonetheless, as the trial court held, part performance by way of partial payments takes the case out of the Statute of Frauds, not that appellant raises any Statute of Frauds issues on appeal.
Appellant could have paid $3,000 for the truck he promised to purchase. Instead, he bounced the check. He could have waited to strip the truck until he was sure that his check would clear. He could have returned the stripped parts back to the truck after he realized that he could not fund the check, in which case Mr. McHugh could only recover the difference between the resale price and the contract price plus incidental damages such as the returned check fee. In fact, had appellant replaced the stripped parts, Mr. McHugh would not have had to sue appellant for damages because he could have sold the truck to the salvage yard for more than $4,000 as he apparently sold appellant the truck for under its market value. (Tr. 5).
Rather than do any of this, appellant apologized for breaching the contract, decided to keep the parts he stripped from the truck, and promised to pay Mr. McHugh for these parts. This constituted a new agreement for the sale of goods, which is enforceable under the Statute of Frauds because appellant received and accepted the parts. The present suit deals with breach of the agreement for the sale of parts; it does not seek to recover for breach of the original agreement for the sale of the truck.
In recovering for breach of the agreement for the sale of the parts, Mr. McHugh cannot exercise his right to recover the unpaid for parts as appellant "lost" the truck to which the stripped parts were transplanted. Mr. McHugh was thus forced to seek recovery of damages in the amount of the value of the parts sold for which no payment was made.[6] The trial court properly awarded Mr. McHugh the value of the parts for which payment had not been rendered. Mr. McHugh presented the only evidence on the value of these parts, a value which he noted was merely salvage yard value. The court was within its province to choose to believe such uncontroverted testimony on value.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DONOFRIO, J. and WAITE, J., concurs.
[1] The Statute of Frauds requirement that an agreement for a sale of goods over $500 must be in writing and signed by the party to be charged is contained in R.C. 1302.04(A). The exception for part performance dealing with goods for which payment has been made and accepted or goods which have been received and accepted is contained in R.C.1302.04(C)(3).
[2] See Myers v. Garson (1993), 66 Ohio St.3d 610 (stating that a decision is not against the manifest weight of the evidence in a civil case if there is competent and credible evidence existing to support the court's findings and conclusions).
[3] R.C. 1302.01(A)(14) defines cancellation as one party's ending a contract due to the breach by the other party.
[4] R.C. 1302.55(A) notes that the tender of payment by the buyer is a condition precedent to the seller's duty to complete delivery such as by delivering title. R.C. 1302.55(C) notes that payment by check is defeated by dishonor of the check upon presentment.
[5] R.C. 1302.83(B) states that the net proceeds of a resale of the unpaid goods shall be credited to the buyer. R.C. 1302.80(A) states that after a commercially reasonable resale, the seller may recover the difference between the resale price and the contract price.
[6] R.C. 1302.83(A)(1) allows the seller to institute an action for the price of the goods accepted plus incidental damages.